# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COACH SERVICES, INC., | Civ. No. 09 CV 8329 (LAK) |
| Plaintiff, | |
| v. | **FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** |
| TARGET CORPORATION AND JOHN DOES 1-10, | |
| Defendant. | |

Defendant Target Corporation ("Target"), by and through his attorneys, hereby responds to the Complaint filed by Plaintiff Coach, LLC ("Coach" or "Plaintiff") in this action as follows:

## JURISDICTION AND VENUE

1. Target admits that Plaintiff purports to assert claims for trade dress infringement and unfair competition under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act") and that this Court has subject matter jurisdiction over such claims.

2. Target admits that this Court has personal jurisdiction over it.

3. Target denies committing any wrongful acts and further denies, with respect to it, that venue is proper in the Southern District of New York, but is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 3 of the Complaint and, therefore, denies those allegations.

## THE PARTIES

4. Target is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint and, therefore, denies those allegations.

5. Target admits the allegations contained in paragraph 5 of the Complaint.

6. Target is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint and, therefore, denies those allegations.

7. Target is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint and, therefore, denies those allegations.

## NATURE OF ACTION

8. Target denies that it has committed any acts of infringement, dilution, unfair competition, injury to business reputation or deceptive trade practices (willful or otherwise), admits that Plaintiff purports to seek injunctive relief and damages, but is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8 of the Complaint and, therefore, denies those allegations.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9. Target is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint and, therefore, denies those allegations.

10. Target is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint and, therefore, denies those allegations.

A. <u>Coach's "ERGO" Designs</u>

11. Target is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint and, therefore, denies those allegations.

12. Target denies the allegations of paragraph 12 of the Complaint.

13. Target is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint and, therefore, denies those allegations.

14. Target is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint and, therefore, denies those allegations.

15. Target is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint and, therefore, denies those allegations.

16. Target denies the allegations of paragraph 16 of the Complaint.

B. <u>Coach's Signature Patchwork Designs</u>

17. Target is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint and, therefore, denies those allegations.

18. Target is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint and, therefore, denies those allegations.

19. Target denies the allegations of paragraph 19 of the Complaint.

20. Target is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint and, therefore, denies those allegations.

21. Target is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint and, therefore, denies those allegations.

22. Target denies the allegations of paragraph 22 of the Complaint.

## C. Target's Infringement of Coach's Designs

23. Target denies any confusing similarity between its handbags and Plaintiff's and is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint and, therefore, denies those allegations.

24. Target denies that the designs of its handbags are confusingly similar to the designs of any of Plaintiff's handbags and admits that it has no license from Plaintiff regarding the designs in dispute. Target further states that a license is not needed as Plaintiff has no protectable rights in the designs in dispute.

**FIRST CLAIM FOR RELIEF**
**(Trade Dress Infringement – 15 U.S.C. § 1125(a))**

25. Target incorporates herein by reference the responses contained in each of the proceeding paragraphs as though fully set forth herein.

26. Target denies the allegations of paragraph 26 of the Complaint.

27. Target denies the allegations of paragraph 27 of the Complaint.

28. Target denies the allegations of paragraph 28 of the Complaint.

29. Target denies the allegations of paragraph 29 of the Complaint.

30. Target denies the allegations of paragraph 30 of the Complaint.

4

31. Target denies the allegations of paragraph 31 of the Complaint.

## SECOND CLAIM FOR RELIEF
### (Trademark Dilution - 15 U.S.C. § 1125(c))

32. Target incorporates herein by reference the responses contained in each of the proceeding paragraphs as though fully set forth herein.

33. Target denies the allegations of paragraph 33 of the Complaint.

34. Target denies the allegations of paragraph 34 of the Complaint.

35. Target denies the allegations of paragraph 35 of the Complaint.

36. Target denies the allegations of paragraph 36 of the Complaint.

37. Target denies the allegations in paragraph 37 of the Complaint.

38. Target denies the allegations of paragraph 38 of the Complaint.

39. Target denies the allegations of paragraph 39 of the Complaint.

40. Target denies the allegations in paragraph 40 of the Complaint.

## THIRD CLAIM FOR RELIEF
### (Unfair Competition)

41. Target incorporates herein by reference the responses contained in each of the proceeding paragraphs as though fully set forth herein.

42. Target denies the allegations of paragraph 42 of the Complaint.

43. Target denies the allegations of paragraph 43 of the Complaint.

44. Target denies the allegations of paragraph 44 of the Complaint.

45. Target denies the allegations of paragraph 45 of the Complaint.

46. Target denies the allegations of paragraph 46 of the Complaint.

47. Target denies the allegations in paragraph 47 of the Complaint.

48. Target denies the allegations of paragraph 48 of the Complaint.

NewYork 1308055.1

## FOURTH CLAIM FOR RELIEF
### (Injury to Business Reputation – NY General Business Law § 360-l)

49. Target incorporates herein by reference the responses contained in each of the proceeding paragraphs as though fully set forth herein.

50. Target denies the allegations of paragraph 50 of the Complaint.

51. Target denies the allegations of paragraph 51 of the Complaint.

52. Target denies the allegations of paragraph 52 of the Complaint.

53. Target denies the allegations of paragraph 53 of the Complaint.

## FIFTH CLAIM FOR RELIEF
### (Common Law Trade Dress Infringement and Unfair Competition)

54. Target incorporates herein by reference the responses contained in each of the proceeding paragraphs as though fully set forth herein.

55. Target denies the allegations in paragraph 55 of the Complaint.

56. Target denies the allegations in paragraph 56 of the Complaint.

57. Target denies the allegations of paragraph 57 of the Complaint.

58. Target denies the allegations of paragraph 58 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
**Laches, Estoppel and Acquiescence**

Plaintiff's Complaint against Target is barred by laches, estoppel and acquiescence.

### SECOND AFFIRMATIVE DEFENSE
**Failure to State a Cause of Action**

Plaintiff's Complaint against Target fails to state facts sufficient to constitute a cause of action against Target.

NewYork 1308055.1

### THIRD AFFIRMATIVE DEFENSE
### Failure to Specify Trade Dress

Plaintiff has failed to articulate or define the elements of the alleged trade dress it seeks to protect.

### FOURTH AFFIRMATIVE DEFENSE
### Invalid Trades Dress Rights

Plaintiff's alleged trade dress described in the Complaint is not a source identifier and is incapable of being infringed.

### FIFTH AFFIRMATIVE DEFENSE
### Non-Infringement of Trade Dress

Target's activities do not constitute infringement of Plaintiff's alleged trade dress.

### SIXTH AFFIRMATIVE DEFENSE
### Waiver

Plaintiff has knowingly and voluntarily waived its purported claims and causes of action against Target.

### SEVENTH AFFIRMATIVE DEFENSE
### Unclean Hands

Plaintiff's Complaint against Target is barred, in whole or in part, by unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE
### Lack of Damage

Plaintiff's Complaint, and each and every purported cause of action contained therein, is barred because neither Plaintiff nor anyone else has sustained any damages by Target's acts.

**WHEREFORE,** Target respectfully requests that this Court dismiss the Complaint against Target, with prejudice, enter judgment in favor of Target, award Target its

costs and expenses in connection with the defenses of the Complaint and grant such other relief as this Court deems is just and proper.

## COUNTERCLAIMS

These counterclaims seek declaratory judgment that Plaintiff's purported trade dress is invalid and neither infringed nor diluted by Target and that Target has not competed unfairly or injured Coach's business reputation.

## PARTIES

1. Defendant and counterclaim-plaintiff Target Corporation ("Target") is a Minnesota corporation.

2. Upon information and belief, plaintiff and counterclaim-defendant Coach Services, Inc. ("Coach" or "Plaintiff") is a Maryland corporation with a principal place of business in New York, New York.

## JURISDICTION AND VENUE

3. These counterclaims seek declaratory judgment relief arising under 28 U.S.C. §§ 2201.

4. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1331, 1338, 1367 and 2201.

5. This Court has personal jurisdiction over Coach because it regularly conducts business in the State of New York.

6. Subject to the Court's determination that venue is proper in this District, this Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1391.

## BACKGROUND

7. Despite Coach's allegations to the contrary, there is nothing inherently distinctive about the foldover clutch handbag, depicted in Exhibit 1 to the Complaint ("ERGO Design"), which Coach alleges it launched in 2008.

8. Rather, foldover clutch bags are not only ubiquitous, but functional as they offer carrying versatility. Held through the cut-out handle, they offer more storage for daily portage. Folded over, however, they have a much smaller profile and are suitable for evening wear.

9. Coach has failed to offer a precise expression of the character and scope of the claimed trade dress in the ERGO Design.

10. Coach's alleged trade dress in the ERGO Design is generic and non-specific.

11. Coach's allegations of "high sales volume" from 2008 until the present are insufficient to demonstrate that the ERGO Design has acquired distinctiveness.

12. Coach's ERGO Design is not famous within the meaning of 15 U.S.C.§1125(c).

13. The bags Target sold, and which Coach alleges infringe its ERGO Design, were sold under Target's federally registered MERONA trademark (U.S. Reg. No. 2,099,493).

14. The MERONA trademark has been registered on the Principal Register for handbags since September 23, 1997 and predates the launch of Coach's ERGO Design.

15. The handbags Target sold under the MERONA trademark, and which Coach alleges infringe its ERGO Design, do not bear the Coach name anywhere on the MERONA bag.

NewYork 1308055.1

16. Despite Coach's allegations to the contrary, there is nothing inherently distinctive about the handbag, depicted in Exhibit 2 to the Complaint ("Patchwork Design Bag"), which Coach alleges it launched in 2008, because handbags using a patchwork design have long been used in the fashion industry.

17. Coach has failed to offer a precise expression of the character and scope of the claimed trade dress in the Patchwork Design Bag.

18. Coach's alleged trade dress in the Patchwork Design Bag is generic and non-specific.

19. Coach's allegations of "high sales volume" are insufficient to demonstrate that the Patchwork Design Bag has acquired distinctiveness.

20. Coach's Patchwork Design Bag is not famous within the meaning of 15 U.S.C.§1125(c).

21. The bags Target sold, and which Coach alleges infringe the Patchwork Design Bag, were sold under Target's federally registered MERONA trademark (U.S. Reg. No. 2,099,493).

22. The bags Target sold, which Coach alleges infringe the Patchwork Design Bag did not use Coach's federally registered "C" logo.

23. An actual controversy exists between Target and Coach over the alleged validity of Coach's purported trade dress, dilution and unfair competition claims because neither the ERGO Design nor the Patchwork Design Bag acts as a source identifier.

## COUNT I
**Declaratory Judgment of Invalidity of Plaintiff's Purported Trade Dress**

24. Target repeats and realleges the allegations made in its affirmative defenses and in the foregoing paragraphs of these Counterclaims as if set forth fully herein.

25. An actual controversy exists between Target and Coach over the alleged validity of Coach' purported trade dress rights to both the ERGO Designs and the Patchwork Design Bags in that they fail to act as source identifiers.

26. For the reasons stated above, Target is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 that Coach' alleged trade dress rights in the ERGO Designs and the Patchwork Design Bags are invalid for failure to indicate source.

## COUNT II
**Declaratory Judgment of Non-Infringement of Plaintiff's Purported Trade Dress**

27. Target repeats and realleges the allegations made in its affirmative defenses and in the foregoing paragraphs of these Counterclaims as if set forth fully herein.

28. An actual controversy exists between Target and Coach over the alleged non-infringement of the ERGO Designs and the Patchwork Design Bags.

29. There is nothing confusingly similar between the designs of Target's handbags sold under the MERONA trademark and the ERGO Designs and the Patchwork Design Bags.

30. For the reasons stated above, Target is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 that its MERONA handbags do not infringe Coach's alleged trade dress in the ERGO Designs and the Patchwork Design Bags under 15 U.S.C. §1125(a).

## COUNT III
**Declaratory Judgment of No Dilution of Plaintiff's Purported Trade Dress**

31. Target repeats and realleges the allegations made in its affirmative defenses and in the foregoing paragraphs of these counterclaims as set forth fully herein.

32. An actual controversy exists between Target and Coach over the alleged fame and distinctiveness of Plaintiff's ERGO Design and Patchwork Design Bags.

33. There is no likelihood of dilution of the ERGO Designs and the Patchwork Design Bags.

34. For the reasons stated above, Target is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 that Handbags do not dilute Plaintiff's alleged trade dress in the ERGO Design and Patchwork Design Bags under 15 U.S.C. §1125(c).

## COUNT IV
### Declaratory Judgment for No Injury to Business Reputation

35. Target repeats and realleges the allegations made in its affirmative defenses and in the foregoing paragraphs of these Counterclaims as if set forth fully herein.

36. An actual controversy exists between Target and Coach over the distinctiveness of the ERGO Design and Patchwork Design Bags as well as any alleged injury to Coach's good will.

37. There is no likelihood of dilution of the ERGO Designs and the Patchwork Design Bags.

38. For the reasons stated above, Target is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 that Target has not injured Coach's business reputation in violation of N.Y. Gen. Bus. Law § 360-1.

## COUNT V
### Declaratory Judgment for No Common Law Trade Dress Infringement

39. Target repeats and realleges the allegations made in its affirmative defenses and in the foregoing paragraphs of these Counterclaims as if set forth fully herein.

40. An actual controversy exists between Target and Coach over the alleged validity of Coach' purported trade dress rights in the ERGO Design and Patchwork Design Bags and the likelihood of confusion between them and its handbags sold under the MERONA trademark or dilution.

NewYork 1308055.1

41. There is nothing confusingly similar between the designs of Target's handbags sold under the MERONA trademark and the ERGO Designs and the Patchwork Design Bags.

42. Target has not acted in bad faith.

43. For the reasons stated above, Target is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 that Target has not committed any acts of trade dress infringement under New York law.

## COUNT VI
### Declaratory Judgment for No Federal or Common Law Unfair Competition

44. Target repeats and realleges the allegations made in its affirmative defenses and in the foregoing paragraphs of these Counterclaims as if set forth fully herein.

45. An actual controversy exists between Target and Coach over the alleged validity of Coach' purported trade dress rights in the ERGO Design and Patchwork Design Bags and the likelihood of confusion between them and its handbags sold under the MERONA trademark.

46. There is no likelihood of confusion or actual confusion between Target's handbags sold under the MERONA trademark and the ERGO Design and Patchwork Design Bags.

47. Target has not acted in bad faith.

48. For the reasons stated above, Target is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 that Target has not committed any acts of unfair competition under New York law.

## PRAYER FOR RELIEF

WHEREFORE, Target prays for relief from the actions and conduct of Plaintiff as follows:

1. That the Court enter declaratory judgment that Plaintiff's ERGO Design and Patchwork Design Bags are invalid trade dress under federal and/or state law for failure to identify source;

2. That the Court enter a declaratory judgment that Target's bags, sold under the MERON trademark, do not infringe Plaintiff's alleged trade dress in the ERGO Design and Patchwork Design Bags under federal and/or state law;

3. That the Court enter a declaratory judgment that Target's bags, sold under the MERON trademark, do not dilute Plaintiff's alleged trade dress in the ERGO Design and Patchwork Design Bags under federal and/or state law;

4. That Target has not committed any acts of unfair competition under federal and/or state law;

5. That the Court enter judgment in Target's favor against Plaintiff and dismiss with prejudice Plaintiff's Complaint;

6. That the Court award to Target its reasonable attorneys' fees, together with the costs and disbursements of this action; and

7. That the Court and award Target such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Counterclaimant and Defendant, Target Corporation, hereby demands a trial by jury on all issues so triable.

Dated:  New York, New York
        November 18, 2009

                SALANS

                By: s/ Lora A. Moffatt
                    Lora A. Moffatt, Esq.
                    Alison G. Naidech, Esq.

                620 Fifth Avenue
                New York, New York 10020
                Tel.: (212) 632-5500
                Fax: (212) 632-5555

                **Attorneys for Defendant**
                **Target Corporation**

# CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2009 I electronically filed the foregoing FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following persons at the given email addresses:

>Cindy W. Chan, Esq.
>cchan@blakelylawgroup.com
>THE BLAKELY LAW GROUP
>915 North Citrus Avenue
>Hollywood, California 90038 – 2401
>Telephone: (323) 464-7400

>s/ Lora A. Moffatt
>Lora A. Moffatt