UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COACH SERVICES, INC., a Maryland Corporation,<br><br>                 Plaintiff,<br><br>  -vs-<br><br>TARGET CORPORATION, a Minnesota Corporation; DOES 1-10, inclusive,<br><br>                 Defendants. | Civil Action No. 09-CIV-8329 (LAK)<br><br>**PLAINTIFF'S ANSWER TO DEFENDANT'S FIRST AMENDED COUNTERCLAIM**<br><br>**[DEMAND FOR JURY TRIAL]** |

Plaintiff/Counter-Defendant Coach Services, Inc. ("Coach") files this Answer in response to the Counterclaim ("Counterclaim") of Defendant/Counterclaimant Target Corporation ("Defendant").

## THE PARTIES

1. With respect to the allegations contained in paragraph 1 of the Counterclaim, Coach is without sufficient information or belief as to the facts alleged in this paragraph and on that basis denies those allegations.

2. With respect to the allegations contained in paragraph 2, Coach admits the allegations contained therein.

## JURISDICTION AND VENUE

3. With respect to the allegations contained in paragraph 3 of the Counterclaim, Coach denies that Defendant is entitled to the relief sought.

4. With respect to the allegations contained in paragraph 4 of the Counterclaim, Coach admits that this Court has subject matter jurisdiction over Defendants' counterclaims.

5. With respect to the allegations contained in paragraph 5 of the Counterclaim, Coach admits that this Court has personal jurisdiction over it.

6. With respect to the allegations contained in paragraph 6 of the Counterclaim, Coach admits that venue is proper in this district.

## BACKGROUND

7. Coach denies the allegations contained in Paragraph 7 of the Counterclaim.

8. Coach denies the allegations contained in Paragraph 8 of the Counterclaim.

9. Coach denies the allegations contained in Paragraph 9 of the Counterclaim.

10. Coach denies the allegations contained in Paragraph 10 of the Counterclaim.

11. Coach denies the allegations contained in Paragraph 11 of the Counterclaim.

12. Coach denies the allegations contained in Paragraph 12 of the Counterclaim.

13. With respect to the allegations contained in paragraph 13 of the Counterclaim, Coach is without sufficient information or belief as to the facts alleged in this paragraph and on that basis denies those allegations.

14. With respect to the allegations contained in paragraph 14 of the Counterclaim, Coach is without sufficient information or belief as to the facts alleged in this paragraph and on that basis denies those allegations.

15. With respect to the allegations contained in paragraph 15 of the Counterclaim, Coach admits that the products at issue of which it has knowledge do not bear the word mark "COACH."

16. Coach denies the allegations contained in Paragraph 16 of the Counterclaim.

17. Coach denies the allegations contained in Paragraph 17 of the Counterclaim.

18. Coach denies the allegations contained in Paragraph 18 of the Counterclaim.

19. Coach denies the allegations contained in Paragraph 19 of the Counterclaim.

20. Coach denies the allegations contained in Paragraph 20 of the Counterclaim.

21. With respect to the allegations contained in paragraph 21 of the Counterclaim, Coach is without sufficient information or belief as to the facts alleged in this paragraph and on that basis denies those allegations.

22. With respect to the allegations contained in paragraph 22 of the Counterclaim, Coach admits that the products at issue of which it has knowledge does not bear the Signature "C" logo.

23. With respect to the allegations contained in paragraph 23 of the Counterclaim, Coach admits that an actual controversy exists between Coach and Target, but denies the remainder of the allegations therein.

## COUNT I

**Declaratory Judgment of Invalidity of Plaintiff's Purported Trade Dress**

24. With respect to the allegations contained in paragraph 24 of the Counterclaim, Coach realleges and reincorporates by reference the averments of the preceding paragraphs as though fully set forth herein.

25. With respect to the allegations contained in paragraph 25 of the Counterclaim, Coach admits that an actual controversy exists between Target and Coach over Coach's trade dress rights to the ERGO Designs and the Signature Patchwork Designs, but denies the remainder of the allegations therein.

26. With respect to the allegations contained in paragraph 26 of the Counterclaim, Coach denies that Defendant is entitled to the relief sought.

## COUNT II

**Declaratory Judgment of Non-Infringement of Plaintiff's Purported Trade Dress**

27. With respect to the allegations contained in paragraph 27 of the Counterclaim, Coach realleges and reincorporates by reference the averments of the preceding paragraphs as though fully set forth herein.

28. With respect to the allegations contained in paragraph 28 of the Counterclaim, Coach admits that an actual controversy exists between Target and Coach over Coach's trade dress rights to the ERGO Designs and the Signature Patchwork Designs.

29. Coach denies the allegations contained in paragraph 29 of the Counterclaim.

30. With respect to the allegations contained in paragraph 30 of the Counterclaim, Coach denies that Defendant is entitled to the relief sought.

## COUNT III

### Declaratory Judgment of No Dilution of Plaintiff's Purported Trade Dress

31. With respect to the allegations contained in paragraph 31 of the Counterclaim, Coach realleges and reincorporates by reference the averments of the preceding paragraphs as though fully set forth herein.

32. With respect to the allegations contained in paragraph 32 of the Counterclaim, Coach admits that Target disputes the fame and distinctiveness of Coach's ERGO Designs and Signature Patchwork Designs.

33. Coach denies the allegations contained in paragraph 33 of the Counterclaim.

34. With respect to the allegations contained in paragraph 34 of the Counterclaim, Coach denies that Defendant is entitled to the relief sought.

## COUNT IV

### Declaratory Judgment for No Injury to Business Reputation

35. With respect to the allegations contained in paragraph 35 of the Counterclaim, Coach realleges and reincorporates by reference the averments of the preceding paragraphs as though fully set forth herein.

36. With respect to the allegations contained in paragraph 36 of the Counterclaim, Coach admits that Target disputes the distinctiveness of Coach's ERGO Designs and Signature Patchwork Designs.

37. Coach denies the allegations contained in paragraph 37 of the Counterclaim.

38. With respect to the allegations contained in paragraph 38 of the Counterclaim, Coach denies that Defendant is entitled to the relief sought.

## COUNT V

## Declaratory Judgment for No Common Law Trade Dress Infringement

39. With respect to the allegations contained in paragraph 39 of the Counterclaim, Coach realleges and reincorporates by reference the averments of the preceding paragraphs as though fully set forth herein.

40. With respect to the allegations contained in paragraph 40 of the Counterclaim, Coach admits that an actual controversy exists between Target and Coach over Coach's trade dress rights to the ERGO Designs and the Signature Patchwork Designs.

41. Coach denies the allegations contained in paragraph 41 of the Counterclaim.

42. With respect to the allegations contained in paragraph 42 of the Counterclaim, Coach is without sufficient information or belief as to the facts alleged in this paragraph and on that basis denies those allegations.

43. With respect to the allegations contained in paragraph 43 of the Counterclaim, Coach denies that Defendant is entitled to the relief sought.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Defendant's Counterclaim fails to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

### (Doctrine of Unclean Hands)

Defendant has unclean hands, and it would be inequitable to grant to Defendant any remedies sought by its Counterclaim.

## THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

Defendant is estopped by reason of their conduct, acts, and omissions from recovering on any claims that they may have had against Coach.

## FOURTH AFFIRMATIVE DEFENSE

### (No Basis for Attorneys' Fees and Costs)

Defendant has failed to allege adequate and/or reasonable basis upon which to seek attorneys' fees and costs against Coach.

## FIFTH AFFIRMATIVE DEFENSE

### (Doctrine of Latches)

Defendant's claims are barred, in whole or in part, by the doctrine of latches.

## SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Defendant's claims are barred, in whole or in part, by the applicable statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

### (Inequitable/Against Public Policy)

Under the circumstances, holding Coach responsible for any purported damages allegedly suffered by Defendant would be inequitable, unfair, and/or against public policy.

## EIGHTH AFFIRMATIVE DEFENSE

### (Valid Trade Dress)

Coach owns valid trade dress to the ERGO Designs and Signature Patchwork Designs.

## NINTH AFFIRMATIVE DEFENSE

## (Protectable Trade Dress)

Coach' ERGO Designs and Signature Patchwork Designs are inherently distinctive and have achieved secondary meaning.

## TENTH AFFIRMATIVE DEFENSE

## (Reservation of Rights)

Coach reserves the right to allege other affirmative defenses as they may become known during the course of discovery, and hereby specifically reserves the right to amend its Answer to allege said affirmative defenses as such time as they become known.

Dated:  December 7, 2009  Respectfully Submitted,
        Los Angeles, California

/s Cindy Chan_____
Cindy Chan (CC 1981)
Blakely Law Group
915 North Citrus Avenue
Hollywood, California 90038
Telephone: (323) 464-7400
Facsimile: (323) 464-7410
***Attorney for Plaintiff Coach Services, Inc.***

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Coach Services, Inc. hereby demands a trial by jury of all claims in this litigation.

Dated: December 7, 2009　　　Respectfully Submitted,
Los Angeles, California

/s/ Cindy Chan_____
Cindy Chan (CC 1981)
Blakely Law Group
915 North Citrus Avenue
Hollywood, California 90038
Telephone: (323) 464-7400
Facsimile: (323) 464-7410
***Attorney for Plaintiff Coach Services, Inc.***