### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| COACH SERVICES, INC., | ) | Civ. No. 09 CV 8329 (LAK) |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ANSWER, AFFIRMATIVE** |
| v. | ) | **DEFENSES AND** |
| | ) | **COUNTERCLAIMS** |
| TARGET CORPORATION AND JOHN DOES | ) | |
| 1-10, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Rosetti Handbags & Accessories, Ltd. ("Rosetti"), by and through its attorneys, hereby responds to the Complaint filed by Plaintiff Coach, LLC ("Coach" or "Plaintiff") in this action as follows:

### JURISDICTION AND VENUE

1.    Rosetti admits that Plaintiff purports to assert claims for trade dress infringement and unfair competition under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act") and that this Court has subject matter jurisdiction over such claims.

2.    Rosetti admits that this Court has personal jurisdiction over it, but is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2 of the Complaint and, therefore, denies those allegations.

3.    Rosetti denies committing any wrongful acts, but is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 3 of the Complaint and, therefore, denies those allegations.

## THE PARTIES

4.      Rosetti is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint and, therefore, denies those allegations.

5.      Rosetti is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint and, therefore, denies those allegations.

6.      Rosetti is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint and, therefore, denies those allegations.

7.      Rosetti is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint and, therefore, denies those allegations.

## NATURE OF ACTION

8.      Rosetti denies that it has committed any acts of infringement, dilution, unfair competition, injury to business reputation or deceptive trade practices (willful or otherwise), admits that Plaintiff purports to seek injunctive relief and damages, but is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8 of the Complaint and, therefore, denies those allegations.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9.      Rosetti is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint and, therefore, denies those allegations.

2

10.    Rosetti is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint and, therefore, denies those allegations.

**A.    Coach's "ERGO" Designs**

11.    Rosetti is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint and, therefore, denies those allegations.

12.    Rosetti denies the allegations of paragraph 12 of the Complaint.

13.    Rosetti is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint and, therefore, denies those allegations.

14.    Rosetti is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint and, therefore, denies those allegations.

15.    Rosetti is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint and, therefore, denies those allegations.

16.    Rosetti denies the allegations of paragraph 16 of the Complaint.

**B.    Coach's Signature Patchwork Designs**

17.    Rosetti is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint and, therefore, denies those allegations.

3

18.    Rosetti is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint and, therefore, denies those allegations.

19.    Rosetti denies the allegations of paragraph 19 of the Complaint.

20.    Rosetti is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint and, therefore, denies those allegations.

21.    Rosetti is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint and, therefore, denies those allegations.

22.    Rosetti denies the allegations of paragraph 22 of the Complaint.

C.    **Rosetti's Infringement of Coach's Designs**

23.    Rosetti denies any confusing similarity between the disputed handbags and Plaintiff's and is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint and, therefore, denies those allegations.

24.    Rosetti is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Complaint and, therefore, denies those allegations.

## FIRST CLAIM FOR RELIEF
### (Trade Dress Infringement – 15 U.S.C. § 1125(a))

25.    Rosetti incorporates herein by reference the responses contained in each of the proceeding paragraphs as though fully set forth herein.

26.    Rosetti denies the allegations of paragraph 26 of the Complaint.

27.    Rosetti denies the allegations of paragraph 27 of the Complaint.

4

NewYork 5001617.1

28. Rosetti denies the allegations of paragraph 28 of the Complaint.

29. Rosetti denies the allegations of paragraph 29 of the Complaint.

30. Rosetti denies the allegations of paragraph 30 of the Complaint.

31. Rosetti denies the allegations of paragraph 31 of the Complaint.

## SECOND CLAIM FOR RELIEF
### (Trademark Dilution - 15 U.S.C. § 1125(c))

32. Rosetti incorporates herein by reference the responses contained in each of the proceeding paragraphs as though fully set forth herein.

33. Rosetti denies the allegations of paragraph 33 of the Complaint.

34. Rosetti denies the allegations of paragraph 34 of the Complaint.

35. Rosetti denies the allegations of paragraph 35 of the Complaint.

36. Rosetti denies the allegations of paragraph 36 of the Complaint.

37. Rosetti denies the allegations in paragraph 37 of the Complaint.

38. Rosetti denies the allegations of paragraph 38 of the Complaint.

39. Rosetti denies the allegations of paragraph 39 of the Complaint.

40. Rosetti denies the allegations in paragraph 40 of the Complaint.

## THIRD CLAIM FOR RELIEF
### (Unfair Competition)

41. Rosetti incorporates herein by reference the responses contained in each of the proceeding paragraphs as though fully set forth herein.

42. Rosetti denies the allegations of paragraph 42 of the Complaint.

43. Rosetti denies the allegations of paragraph 43 of the Complaint.

44. Rosetti denies the allegations of paragraph 44 of the Complaint.

45. Rosetti denies the allegations of paragraph 45 of the Complaint.

46. Rosetti denies the allegations of paragraph 46 of the Complaint.

5

47.    Rosetti denies the allegations in paragraph 47 of the Complaint.

48.    Rosetti denies the allegations of paragraph 48 of the Complaint.

### FOURTH CLAIM FOR RELIEF
**(Injury to Business Reputation – NY General Business Law § 360-I)**

49.    Rosetti incorporates herein by reference the responses contained in each of the proceeding paragraphs as though fully set forth herein.

50.    Rosetti denies the allegations of paragraph 50 of the Complaint.

51.    Rosetti denies the allegations of paragraph 51 of the Complaint.

52.    Rosetti denies the allegations of paragraph 52 of the Complaint.

53.    Rosetti denies the allegations of paragraph 53 of the Complaint.

### FIFTH CLAIM FOR RELIEF
**(Common Law Trade Dress Infringement and Unfair Competition)**

54.    Rosetti incorporates herein by reference the responses contained in each of the proceeding paragraphs as though fully set forth herein.

55.    Rosetti denies the allegations in paragraph 55 of the Complaint.

56.    Rosetti denies the allegations in paragraph 56 of the Complaint.

57.    Rosetti denies the allegations of paragraph 57 of the Complaint.

58.    Rosetti denies the allegations of paragraph 58 of the Complaint.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
**Laches, Estoppel and Acquiescence**

Plaintiff's Complaint against Rosetti is barred by laches, estoppel and acquiescence.

NewYork 5001617.1

## SECOND AFFIRMATIVE DEFENSE
### Failure to State a Cause of Action

Plaintiff's Complaint against Rosetti fails to state facts sufficient to constitute a

cause of action against Rosetti.

## THIRD AFFIRMATIVE DEFENSE
### Failure to Specify Trade Dress

Plaintiff has failed to articulate or define the elements of the alleged trade dress it

seeks to protect.

## FOURTH AFFIRMATIVE DEFENSE
### Invalid Trades Dress Rights

Plaintiff's alleged trade dress described in the Complaint is not a source identifier

and is incapable of being infringed.

## FIFTH AFFIRMATIVE DEFENSE
### Non-Infringement of Trade Dress

Rosetti's activities do not constitute infringement of Plaintiff's alleged trade

dress.

## SIXTH AFFIRMATIVE DEFENSE
### Waiver

Plaintiff has knowingly and voluntarily waived its purported claims and causes of

action against Rosetti.

## SEVENTH AFFIRMATIVE DEFENSE
### Unclean Hands

Plaintiff's Complaint against Rosetti is barred, in whole or in part, by unclean

hands.

7

NewYork 5001617.1

## EIGHTH AFFIRMATIVE DEFENSE
### Lack of Damage

Plaintiff's Complaint, and each and every purported cause of action contained therein, is barred because neither Plaintiff nor anyone else has sustained any damages by Rosetti's acts.

**WHEREFORE,** Rosetti respectfully requests that this Court dismiss the Complaint against Rosetti, with prejudice, enter judgment in favor of Rosetti, award Rosetti its costs and expenses in connection with the defenses of the Complaint and grant such other relief as this Court deems is just and proper.

## COUNTERCLAIMS

These counterclaims seek declaratory judgment that Plaintiff's purported trade dress is invalid and neither infringed nor diluted by Rosetti and that Rosetti has not competed unfairly or injured Coach's business reputation.

## PARTIES

1.      Defendant and counterclaim-plaintiff Rosetti Handbags & Accessories Ltd. ( "Rosetti") is a Delaware corporation.

2.      Upon information and belief, plaintiff and counterclaim-defendant Coach Services, Inc. ("Coach" or "Plaintiff") is a Maryland corporation with a principal place of business in New York, New York.

## JURISDICTION AND VENUE

3.      These counterclaims seek declaratory judgment relief arising under 28 U.S.C. § 2201.

4.      This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 1367 and 2201.

NewYork 5001617.1

5.    This Court has personal jurisdiction over Coach because it regularly conducts business in the State of New York.

6.    This Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1391.

## BACKGROUND

7.    Despite Coach's allegations to the contrary, there is nothing inherently distinctive about the foldover clutch handbag, depicted in Exhibit 1 to the Complaint ("ERGO Design"), which Coach alleges it launched in 2008.

8.    Rather, foldover clutch bags are not only ubiquitous, but functional as they offer carrying versatility.  Held through the cut-out handle, they offer more storage for daily portage.  Folded over, however, they have a much smaller profile and are suitable for evening wear.

9.    Coach has failed to offer a precise expression of the character and scope of the claimed trade dress in the ERGO Design.

10.    Coach's alleged trade dress in the ERGO Design is generic and non-specific.

11.    Coach's allegations of "high sales volume" from 2008 until the present are insufficient to demonstrate that the ERGO Design has acquired distinctiveness.

12.    Coach's ERGO Design is not famous within the meaning of 15 U.S.C.§1125(c).

13.    The bags Rosetti sold, and which Coach alleges infringe its ERGO Design, were sold under Rosetti's federally registered MERONA trademark (U.S. Reg. No. 2,099,493).

9

14.    The MERONA trademark has been registered on the Principal Register for handbags since September 23, 1997 and predates the launch of Coach's ERGO Design.

15.    The handbags Rosetti sold under the MERONA trademark, and which Coach alleges infringe its ERGO Design, do not bear the Coach name anywhere on the MERONA bag.

16.    Despite Coach's allegations to the contrary, there is nothing inherently distinctive about the handbag, depicted in Exhibit 2 to the Complaint ("Patchwork Design Bag"), which Coach alleges it launched in 2008, because handbags using a patchwork design have long been used in the fashion industry.

17.    Coach has failed to offer a precise expression of the character and scope of the claimed trade dress in the Patchwork Design Bag.

18.    Coach's alleged trade dress in the Patchwork Design Bag is generic and non-specific.

19.    Coach's allegations of "high sales volume" are insufficient to demonstrate that the Patchwork Design Bag has acquired distinctiveness.

20.    Coach's Patchwork Design Bag is not famous within the meaning of 15 U.S.C.§1125(c).

21.    The bags Rosetti sold, and which Coach alleges infringe the Patchwork Design Bag, were sold under Rosetti's federally registered MERONA trademark (U.S. Reg. No. 2,099,493).

22.    The bags Rosetti sold, which Coach alleges infringe the Patchwork Design Bag did not use Coach's federally registered "C" logo.

10

23.    An actual controversy exists between Rosetti and Coach over the alleged validity of Coach's purported trade dress, dilution and unfair competition claims because neither the ERGO Design nor the Patchwork Design Bag acts as a source identifier.

## COUNT I
### Declaratory Judgment of Invalidity of Plaintiff's Purported Trade Dress

24.    Rosetti repeats and realleges the allegations made in its affirmative defenses and in the foregoing paragraphs of these Counterclaims as if set forth fully herein.

25.    An actual controversy exists between Rosetti and Coach over the alleged validity of Coach' purported trade dress rights to both the ERGO Designs and the Patchwork Design Bags in that they fail to act as source identifiers.

26.    For the reasons stated above, Rosetti is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 that Coach' alleged trade dress rights in the ERGO Designs and the Patchwork Design Bags are invalid for failure to indicate source.

## COUNT II
### Declaratory Judgment of Non-Infringement of Plaintiff's Purported Trade Dress

27.    Rosetti repeats and realleges the allegations made in its affirmative defenses and in the foregoing paragraphs of these Counterclaims as if set forth fully herein.

28.    An actual controversy exists between Rosetti and Coach over the alleged non-infringement of the ERGO Designs and the Patchwork Design Bags.

29.    There is nothing confusingly similar between the designs of Rosetti's handbags sold under the MERONA trademark and the ERGO Designs and the Patchwork Design Bags.

30.    For the reasons stated above, Rosetti is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 that its MERONA handbags do not infringe Coach's alleged trade dress in the ERGO Designs and the Patchwork Design Bags under 15 U.S.C. §1125(a).

11

## COUNT III
### Declaratory Judgment of No Dilution of Plaintiff's Purported Trade Dress

31.     Rosetti repeats and realleges the allegations made in its affirmative

defenses and in the foregoing paragraphs of these counterclaims as set forth fully herein.

32.     An actual controversy exists between Rosetti and Coach over the alleged

fame and distinctiveness of Plaintiff's ERGO Design and Patchwork Design Bags.

33.     There is no likelihood of dilution of the ERGO Designs and the Patchwork

Design Bags.

34.     For the reasons stated above, Rosetti is entitled to a declaratory judgment

pursuant to 28 U.S.C. § 2201 that Handbags do not dilute Plaintiff's alleged trade dress in the

ERGO Design and Patchwork Design Bags under 15 U.S.C. §1125(c).

## COUNT IV
### Declaratory Judgment for No Injury to Business Reputation

35.     Rosetti repeats and realleges the allegations made in its affirmative

defenses and in the foregoing paragraphs of these Counterclaims as if set forth fully herein.

36.     An actual controversy exists between Rosetti and Coach over the

distinctiveness of the ERGO Design and Patchwork Design Bags as well as any alleged injury to

Coach's good will.

37.     There is no likelihood of dilution of the ERGO Designs and the Patchwork

Design Bags.

38.     For the reasons stated above, Rosetti is entitled to a declaratory judgment

pursuant to 28 U.S.C. § 2201 that Rosetti has not injured Coach's business reputation in violation

of N.Y. Gen. Bus. Law § 360-1.

12

## COUNT V
### Declaratory Judgment for No Common Law Trade Dress Infringement

39.     Rosetti repeats and realleges the allegations made in its affirmative defenses and in the foregoing paragraphs of these Counterclaims as if set forth fully herein.

40.     An actual controversy exists between Rosetti and Coach over the alleged validity of Coach' purported trade dress rights in the ERGO Design and Patchwork Design Bags and the likelihood of confusion between them and its handbags sold under the MERONA trademark or dilution.

41.     There is nothing confusingly similar between the designs of Rosetti's handbags sold under the MERONA trademark and the ERGO Designs and the Patchwork Design Bags.

42.     Rosetti has not acted in bad faith.

43.     For the reasons stated above, Rosetti is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 that Rosetti has not committed any acts of trade dress infringement under New York law.

## COUNT VI
### Declaratory Judgment for No Federal or Common Law Unfair Competition

44.     Rosetti repeats and realleges the allegations made in its affirmative defenses and in the foregoing paragraphs of these Counterclaims as if set forth fully herein.

45.     An actual controversy exists between Rosetti and Coach over the alleged validity of Coach' purported trade dress rights in the ERGO Design and Patchwork Design Bags and the likelihood of confusion between them and its handbags sold under the MERONA trademark.

13

46.     There is no likelihood of confusion or actual confusion between Rosetti's handbags sold under the MERONA trademark and the ERGO Design and Patchwork Design Bags.

47.     Rosetti has not acted in bad faith.

48.     For the reasons stated above, Rosetti is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 that Rosetti has not committed any acts of unfair competition under New York law.

**PRAYER FOR RELIEF**

WHEREFORE, Rosetti prays for relief from the actions and conduct of Plaintiff as follows:

1.      That the Court enter declaratory judgment that Plaintiff's ERGO Design and Patchwork Design Bags are invalid trade dress under federal and/or state law for failure to identify source;

2.      That the Court enter a declaratory judgment that Rosetti's bags, sold under the MERONA trademark, do not infringe Plaintiff's alleged trade dress in the ERGO Design and Patchwork Design Bags under federal and/or state law;

3.      That the Court enter a declaratory judgment that Rosetti's bags, sold under the MERONA trademark, do not dilute Plaintiff's alleged trade dress in the ERGO Design and Patchwork Design Bags under federal and/or state law;

4.      That Rosetti has not committed any acts of unfair competition under federal and/or state law;

5.      That the Court enter judgment in Rosetti's favor against Plaintiff and dismiss with prejudice Plaintiff's Complaint;

14

6.    That the Court award to Rosetti its reasonable attorneys' fees, together with the costs and disbursements of this action; and

7.    That the Court and award Rosetti such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Counterclaimant and Defendant, Rosetti Handbags & Accessories, Ltd., hereby demands a trial by jury on all issues so triable.

Dated:    New York, New York
          March 22, 2010

SALANS LLP


By:  s/ Lora A. Moffatt
     Lora A. Moffatt, Esq.
     Alison G. Naidech, Esq.

620 Fifth Avenue
New York, New York 10020
Tel.: (212) 632-5500
Fax: (212) 632-5555

**Attorneys for Defendant/Counterclaim-Plaintiff Rosetti Handbags & Accessories, Ltd.**

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2010 I electronically filed the foregoing

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS with the Clerk of Court

using the CM/ECF system which will send notification of such filing to the following persons at

the given email addresses:

        Cindy W. Chan, Esq.
        cchan@blakelylawgroup.com
        THE BLAKELY LAW GROUP
        915 North Citrus Avenue
        Hollywood, California 90038 – 2401
        Telephone: (323) 464-7400

                s/ Lora A. Moffatt
                    Lora A. Moffatt